# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Rhonda Fleming,<br><br>               Plaintiff,<br><br>v.<br><br>Medicare Freedom of Information Group; Hugh Gilmore; Vendetta Dutton; Mary Jane Collard; Department of Justice; Susan Gerson; Albert A. Balboni; and Other Unknown DOJ Officials, all in their individual and official capacities,<br><br>               Defendants. | Case No. 15-cv-0594 (DSD/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

      Plaintiff Rhonda Fleming, an inmate at the Federal Correctional Institution in Waseca, Minnesota, did not pay the filing fee for this action, but instead applied to proceed *in forma pauperis* ("IFP") [Doc. No. 2]. Fleming is ineligible for IFP status, however, due to the operation of 28 U.S.C. § 1915(g). (Order at 2, Mar. 5, 2015 [Doc. No. 3].) Accordingly, Fleming was ordered to pay the $400.00 filing fee required for civil actions in this District, failing which it would be recommended that this case be dismissed without prejudice for failure to prosecute. (*Id.* at 3.) Fleming has since paid the required filing fee [*see* Doc. No. 13], and so this matter is now ready for further review. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

In 2007, Fleming was indicted in the United States District Court for the Southern District of Texas on 67 counts, including 1 count of conspiracy to commit fraud, 35 counts of health care fraud, 10 counts of wire fraud, and 21 counts related to money laundering. *See United States v. Fleming*, No. 4:07-cr-00513-1 (S.D. Tex. filed Dec. 13, 2007). After a jury trial, Fleming was convicted on all 67 counts and was sentenced to 360 months of imprisonment, a 3-year term of supervised release, and approximately $6.3 million in restitution. *Id.* The conviction and sentence were affirmed on appeal. *See United States v. Arthur*, 432 F. App'x 414 (5th Cir. 2011).

The allegations in Fleming's present complaint relate to her criminal prosecution and subsequent incarceration. First, Fleming alleges that she has requested documents relevant to her criminal case that are in the possession of Defendant Medicare Freedom of Information Group through the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, but has wrongfully been denied access to those documents. (Compl. at 2 [Doc. No. 1].) Fleming suggests that she intends to seek habeas relief on the basis of those documents, but has been unable to do so due to stonewalling from Defendants Hugh Gilmore, Vendetta Dutton, and Mary Jane Collard, who are all officers of Defendant Medicare Freedom of Information Group. (*Id.*) Similarly, Fleming alleges that she has also sought the requested documents from Defendant Department of Justice ("DOJ"); Defendant Albert A. Balboni, one of the prosecutors in her criminal case; and an agency referred to

2

in the complaint as "EXOUSA;"[1] but has been denied access to the documents. (*Id*. at 2-3.)  Based on these allegations of FOIA violations, Fleming seeks an injunction and declaratory relief requiring Defendant Medicare Freedom of Information Group, EXOUSA, and the DOJ to turn over the required documents. (*Id*. at 4.)

Second, Fleming implies that she will be able to show she is entitled to a release from incarceration once she is given the requested documents.  Fleming therefore alleges that the failure by government officials to turn over those documents has resulted in ongoing violations of her constitutional rights.[2]  Accordingly, Fleming brings claims for monetary relief from each Defendant for false imprisonment, due process violations, and denial of access to the courts. (*Id*. at 3-4.)

Much of Fleming's complaint is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Heck* provides that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 487-88.  But Fleming has made no such showing; her conviction and sentence were affirmed on direct appeal and have never been otherwise invalidated.  Accordingly, any

---

[1] Defendant Susan Gerson is allegedly an officer of EXOUSA. (Compl. at 2.)

[2] Although the case is not specifically mentioned in the complaint, this Court presumes that Fleming seeks recovery pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

3

claims brought by Fleming that necessarily imply the invalidity of her conviction or sentence must be dismissed without prejudice. *See Blaise v. Smith*, 360 F. App'x 702, 702 (8th Cir. 2010) (per curiam) (dismissal based on *Heck* modified to be without prejudice).

Two of Fleming's *Bivens* claims, as pleaded in the complaint, necessarily imply the invalidity of her sentence and must therefore be dismissed. First, Fleming requests relief from each Defendant for false imprisonment. (Compl. at 4.) Even leaving aside other potential problems with Fleming's false imprisonment claim, that claim is squarely barred by *Heck*, as it necessarily implies the invalidity of her conviction. *See Heck*, 512 U.S. at 487. Unless and until Fleming's conviction and sentence are invalidated, Fleming cannot bring claims against any Defendant claiming that she is being falsely imprisoned.

Second, Fleming brings claims for violations of her constitutional due process rights. This claim is inadequately pleaded, at it is unclear from the complaint exactly what due process rights Fleming is alleging have been violated by the defendants. This alone is a sufficient basis to recommend dismissal without prejudice of Fleming's due process claim. Moreover, it appears that Fleming is alleging that errors made by Balboni during the underlying criminal proceedings amounted to a violation of her due process rights. (*See* Compl. at 3-4.) Accordingly, Fleming's due process claim, too, necessarily implies that her conviction is invalid, and therefore must be dismissed without prejudice pursuant to *Heck*.

4

In contrast, Fleming's claim of denial of access to the courts, at least as the Court comprehends the claim, is not barred by *Heck*.[3] The Court understands Fleming to allege that Defendants' actions have prevented her from pursuing post-conviction relief. Unlike Fleming's claims of due process violations and false imprisonment, her access to the courts claim does not necessarily imply that her conviction was illegal. Rather, she alleges merely that, due to the actions of defendants, she has not been afforded an adequate opportunity to contest the legality of her conviction. Because Fleming's access to the courts claim, as pleaded, does not appear to be barred by *Heck*, the Court will not recommend dismissal of that claim at this time.

Likewise, the question of whether Fleming is entitled under FOIA to the documents sought in the complaint does not turn on whether her current incarceration is lawful. Accordingly, the Court will not presently recommend dismissal of Fleming's FOIA claims.[4]

---

[3] Fleming also alleges that Defendants have obstructed justice by refusing to provide the documents. (*See* Compl. at 4.) The Court believes this claim to be identical to the claim of denial of access to the courts.

[4] This Report and Recommendation is not intended to preclude any Defendant from moving to dismiss the remaining claims in Fleming's complaint, based on *Heck* or for any other reason.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Rhonda Fleming's claims of false imprisonment and violations of due process be **DISMISSED WITHOUT PREJUDICE**; and

2. Rhonda Fleming's FOIA claim and denial of access to the courts claim remain.

Dated: April 15, 2015    s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 4, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.