```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Civil No. 15-594(DSD/HB)
```

Rhonda Fleming,

        Plaintiff,

v.                                              **ORDER**

Medicare Freedom of Information
Group; Hugh Gilmore; Vendetta
Dutton; Mary Jane Collard;
Department of Justice; Susan
Gerson; Albert A. Balboni; and
Other Unknown DOJ Officials, all
in their individual and official
capacities,

        Defendants.

    Rhonda Fleming, #20446-009, FCI Waseca, P.A. Box 1731, Waseca, MN 56093, pro se.

    Gerald Wilhelm, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendants.

This matter is before the court upon the objections by pro se plaintiff Rhonda Fleming to the June 24, 2015, report and recommendation (R&R) of Magistrate Judge Hildy Bowbeer. The magistrate judge recommends that the court transfer this Freedom of Information Act (FOIA) case to the United States District Court for the District of Columbia. Fleming raises several objections to the R&R.

The court reviews the R&R de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). After a thorough

review of the file and record, the court finds that the R&R is well-reasoned and correct.

Pursuant to 5 U.S.C. § 552(a)(4)(B), the venue for a FOIA claim is proper in the district in which the complainant resides, in which the agency records are located, or in the District of Columbia. The R&R concludes that the venue in this district is improper because it is neither the place of Fleming's residence nor where the agency records are located.

Fleming argues that even if the records are not physically located here, they are accessible electronically and therefore present in this district for purposes of FOIA. Fleming fails to provide factual support or legal authority for this proposition, however, and the court finds none.[1] Further, the record supports the conclusion that the documents at issue are physically located outside this district. See Gilmore Decl. ¶ 6 (declaring that none of the records requested by Fleming can be found in the District of Minnesota); Balboni Decl ¶ 5(same).

Fleming next argues that the R&R incorrectly concludes that the place of her imprisonment, Waseca, Minnesota, is not her residence. As stated in the R&R, involuntary and temporary

---

[1] Fleming argues that her court records, including her presentence investigation report, are all accessible electronically. She is incorrect. The court here does not have the ability to access sealed documents filed in another district.

2

detention is insufficient to establish residence in the district of incarceration. Brimer v. Levi, 555 F.2d 656, 657 (8th Cir. 1997).

Fleming lastly argues that the interests of justice require the case to remain here. The court disagrees. The interests of justice are best served by allowing the case to proceed elsewhere rather than dismissing it entirely for improper venue. Fleming also argues that the case should remain here because she has moved to amend the complaint to raise a claim of actual innocence under 28 U.S.C. § 2241. That motion has not been granted, however, and Fleming is free to file a new action brought under § 2241 in the appropriate district. The court's decision to transfer the case does not affect that right. As a result, the R&R appropriately recommends transferring this case to the United States District Court for the District of Columbia.

After submitting her objections to the R&R, Fleming filed a motion to stay her FOIA claim so that she may proceed under § 2241. As noted, however, the court has not granted Fleming the required leave to amend her complaint to include a claim under § 2241. As a result, the court denies the motion to stay.

Accordingly, **IT IS HEREBY ORDERED** that

1. The R&R [ECF No. 47] is adopted in its entirety;

2. The objections to the R&R [ECF No. 52] are overruled;

3. The motion to transfer venue [ECF No. 33] is granted;

3

4. The case is transferred to the United States District Court for the District of Columbia;

5. The motion to stay [ECF No. 54] is denied; and

6. The remaining pending motions [ECF Nos. 4, 11, 19, 22, 26, 40, 41, and 53] are denied as moot without prejudice.

Dated: July 13, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court